IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL T. HAFFNER, as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND and as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> A HINOJOSA TRUCKING INC., <br><br> Defendant. | Case No. <br><br> Judge |

## COMPLAINT

Now come the Plaintiffs, Michael Haffner as Trustee of the Chauffeurs, Teamsters, & Helpers Local Union No. 301 Health & Welfare Fund, et al., by their attorney, Travis J. Ketterman of McGann, Ketterman, and Rioux, complaining of the Defendant, A Hinojosa Trucking, Inc., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1145 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chauffeurs, Teamsters, & Helpers Local Union No. 301 Health & Welfare Fund and Chauffeurs, Teamsters, & Helpers Local Union No. 301 Pension Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chauffeurs, Teamsters, & Helpers Local Union No. 301 ("Union"), and therefore are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at

36990 N. Green Bay Road, Waukegan, Illinois, and venue is proper in the Northern District of Illinois.

3. A Hinojosa Trucking, Inc. is an employer engaged in an industry affecting commerce that entered into agreements requiring A Hinojosa Trucking, Inc. to pay benefit contributions to the Trust Funds.

4. A Hinojosa Trucking, Inc. is required to pay liquidated damages, interest, reasonable attorney fees, court costs, and other reasonable amounts incurred in the collection process.

5. A Hinojosa Trucking, Inc. must submit a monthly contribution report and the benefit contributions owed to the Trust Funds. A Hinojosa Trucking, Inc. must also submit timely payment of the corresponding benefit contributions listed on its monthly contribution report to the Trust Funds.

6. A Hinojosa Trucking, Inc. breached the provisions of the Collective Bargaining Agreements and the Trust Agreements by failing to timely submit payments for the months of June 2024 through February 2025.

7. A Hinojosa Trucking, Inc. failed to submit liquidated damages resulting from untimely paid contributions for the months of June 2024 through February 2025.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

9. Plaintiffs have been required to employ the undersigned attorneys to compel payment of the amounts owed and obtain the missing contributions reports.

10. A Hinojosa Trucking, Inc. is obligated to pay the attorney and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

11. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), A Hinojosa Trucking, Inc. is obligated to liquidated damages and interest on the amounts of the delinquent contributions.

12. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or
(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

a) That A Hinojosa Trucking, Inc. be ordered to pay all benefit contributions for the months of August 2024 through the present.

b) That A Hinojosa Trucking, Inc. be ordered to pay liquidated damages pursuant to the Trust Agreements.

c) That A Hinojosa Trucking, Inc. be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

d) That A Hinojosa Trucking, Inc. be ordered to pay interest or liquidated damages pursuant to 29 U.S.C. §1132 (g)(2)(C).

e) That A Hinojosa Trucking, Inc. be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

f) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

CHAUFFEURS, TEAMSTERS & HELPERS
LOCAL UNION NO. 301 HEALTH & WELFARE
FUND et al.

By: s/Travis J. Ketterman
_____
TRAVIS J. KETTERMAN

McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2300
Chicago, Illinois 60601
(312) 251-9700
tketterman@mkrlaborlaw.com
March 31, 2025